*Tagged opinion*



**ORDERED in the Southern District of Florida on June 21, 2024.**

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

M.V.J. AUTO WORLD, INC.,                                    Case No.: 23-16612-LMI

    Debtor.                                    /                    Chapter 11
                                                         Subchapter V

## MEMORANDUM OPINION ON ORDER CONFIRMING NON-CONSENSUAL SUBCHAPTER V PLAN OF REORGANIZATION UNDER 11 U.S.C. §1191(b)

This matter came before the Court on May 1, 2024 at 1:30 p.m. (the "Confirmation Hearing"), to consider confirmation of the *First Amended Plan of Reorganization of M.V.J. Auto World, Inc.* (ECF #79) (the "Plan") filed on February 20, 2024 by the Debtor, M.V.J. Auto World, Inc. (the "Debtor"). The issue before the Court is whether a subchapter V plan can be consensually

confirmed under 11 U.S.C. §1191(a) when an impaired class of creditors fails to vote. For the reasons stated on the record and outlined below, the Court holds that when an impaired class of creditors fails to accept a subchapter V plan, that plan cannot be consensually confirmed under section 1191(a).[1]

## FACTUAL BACKGROUND

On August 21, 2023, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (ECF #1). On February 20, 2024, the Debtor filed the Plan, which was set for Confirmation Hearing on May 1, 2024.

The Debtor's Plan contains two impaired classes: class 2 is a secured claim of Ocean Bank and class 3 is a secured claim of the U.S. Small Business Administration ("SBA"). Class 2 voted to accept the plan, but class 3 did not vote.

The Debtor seeks confirmation of the Plan pursuant to section 1191(a). No party filed an objection to the Plan. However, at the Confirmation Hearing, the United States Trustee, Subchapter V Trustee, and secured creditor Ocean Bank all argued that the Plan cannot be confirmed under section 1191(a) because less than all impaired classes affirmatively accepted the Plan under 11 U.S.C. §1129(a)(8), and, therefore under a strict reading of the relevant Bankruptcy Code sections, the Plan can only be confirmed under 11 U.S.C. §1191(b).

---

[1] This Memorandum Opinion reduces the Court's oral ruling at the Confirmation Hearing to writing.

## ANALYSIS

Confirmation of a plan under subchapter V of chapter 11 is governed by 11 U.S.C. §1191. Section 1191(a) provides:

> [t]he court **shall** confirm a plan under this subchapter **only if all** of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met.

11 U.S.C. §1191(a) (emphasis added). Confirmation of a plan under this section is referred to as a "consensual" plan. However, a debtor may also obtain a "non-consensual" cramdown of a plan pursuant to section 1191(b). Section 1191(b) provides:

> if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. §1191(b).

Section 1129(a)(8) provides: "[w]ith respect to **each class** of claims or interests— (A) such class has **accepted** the plan; **or** (B) such class is **not impaired** under the plan." 11 U.S.C. §1129(a)(8) (emphasis added). Because each class of impaired claims did not accept the Debtor's Plan, section 1129(a)(8) was not met.

The Debtor argues that, in a subchapter V case, when an impaired class of creditors fails to cast a ballot at all, that class should not be counted at all for purposes of section 1129(a)(8), citing two cases from the Southern District of Texas - *In re Franco's Paving LLC*, 654 B.R. 107 (Bankr. S.D. Tex. 2023) and

3

*In re Hot'z Power Wash, Inc.,* 655 B.R. 107 (Bankr. S.D. Tex. 2023). The Debtor argues that because the non-voting class 3 (SBA) doesn't count, and because the only other impaired class (class 2) did vote to accept the Plan, section 1129(a)(8) is satisfied and the Plan can be consensually confirmed under section 1191(a).

Both courts in the *Franco's Paving* case and the *Hot'z Power Wash* case held that a non-voting class can be ignored for purposes of whether section 1129(a)(8) is satisfied. To support these conclusions, both courts looked to the policy goals and Congressional intent behind subchapter V, which each court concludes was to create a streamlined chapter 11 process for small business debtors. Both courts reasoned that by creating subchapter V, it was Congress' clear articulation of a preference for consensual plans confirmed under section 1191(a).

In order to get to Congressional intent, each court held that when the Bankruptcy Code was enacted, and the voting requirements for confirmation modified, Congress clearly never contemplated that there would be a class of impaired creditors where no creditor voted. Thus, according to these courts, there is essentially a void in the statute. The *Franco's Paving* court created a mathematical equation to demonstrate that to have a non-voting impaired class creates a mathematical absurdity when attempting to apply the dictates of 11 U.S.C. §1126(c). Section 1126(c) states "[a] class of claims has accepted a plan if such plan has been accepted by creditors ... that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors ... that have accepted or rejected such plan." Noting,

4

and rejecting the analysis of other courts that deem a non-vote as either a deemed acceptance or rejection of a plan[2], the *Franco's Paving* court stated that neither Fed. R. Bankr. P. 3018 nor section 1129(a)(8) can be read to allow such interpretation, and so the only remedy is to disregard the existence of the class for confirmation purposes. *Franco's Paving,* 654 B.R. at 109-10.

Adopting and expanding on the *Franco's Paving* reasoning, the *Hot'z Power Wash* court concluded:

> the application of the mathematical calculation in § 1126(c) is absurd as applied to nonvoting class, and because the Code is silent on the correct treatment of a nonvoting class, this Court is left with only one option: when an impaired class of creditor fails to cast a ballot, that class will not be counted for purposes of whether § 1129(a)(8) is satisfied.

655 B.R. at 118.

The Court disagrees with the reasoning of the courts in *Hot'z Power Wash* and *Franco's Paving* as the Bankruptcy Code on this point is neither silent nor absurd, but, rather, unambiguous and consistent with the purposes of the Bankruptcy Code. When a statute is unambiguous the court must the interpret statute "according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000). "We begin our construction of a statutory provision where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001). "When the import of words Congress

---

[2] *Compare In re Ruti-Sweetwater, Inc.,* 836 F.2d 1263 (10th Cir. 1988) (no vote is deemed acceptance), *with In re Townco Realty, Inc.,* 81 B.R. 707 (Bankr. S.D. Fla. 1987) (failure to vote is not acceptance).

5

has used is clear … we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." *Harris v. Garner,* 216 F.3d 970, 976 (11th Cir. 2000) (en banc). So, "[w]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *Id.* at 973. Moreover, "[t]he Supreme Court and this Court have warned on countless occasions against judges 'improving' plain statutory language in order to better carry out what they perceive to be the legislative purposes." *Bracewell v. Kelley (In re Bracewell),* 454 F.3d 1234, 1240 (11th Cir. 2006).

The *Franco's Paving* and *Hot'z Power Wash* courts reasoned that, when enacting section 1126, Congress did not contemplate that a class of creditors might not vote for a plan; that is incorrect. First, section 1126(a) states that the holder of a claim *may* accept or reject a plan, not *shall* accept or reject a plan. Second, section 1126(c) itself recognizes that some creditors may not vote on a plan; that is why, in determining acceptance, the mathematical formula that the *Franco's Paving* court takes such pains to construct, does not include creditors who have not voted.

That reasoning is strained at best. The analysis in this case is quite simple. In order to be consensually confirmed under section 1191(a), the Plan must satisfy section 1129(a)(8). Section 1129(a)(8) requires that each impaired class accept the plan. Section 1126(c) provides that acceptance is calculated based on how many holders of allowed claims in the class have voted to accept the plan, not, as was required pre-Bankruptcy Code, based on the number of

6

allowed claims.[3]  It is not absurd that no creditors in a class voting on a plan should be treated any differently than a situation where there is not a sufficient number of creditors voting in favor of a plan to satisfy section 1129(a)(8). Moreover, section 1129(a)(8) does not compel acceptance or rejection; section 1129(a)(8) looks to whether a class has accepted a plan, not whether a class has rejected a plan or stood silent.

In this case, section 1129(a)(8) is not satisfied because class 3, an impaired class, did not accept the Plan. Therefore the Plan cannot be consensually confirmed under section 1191(a).

Notwithstanding, because the Plan satisfies all of the other applicable provisions of section 1129(a), the Plan is confirmed as a non-consensual plan under section 1191(b).[4]

# # #


Copies furnished to:
Zach B. Shelomith, Esq.
Christian Somodevilla, Esq.
Timothy S. Kingcade, Esq.


*Attorney Shelomith is directed to serve a copy of this Memorandum Opinion on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry.*

---

[3] "[W]hereas the former Bankruptcy Act (*see* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 410 (1977)) provided that a failure to vote was considered a rejection of the plan, the present Bankruptcy Act does not indicate whether a failure to vote, such as here, is deemed to be an acceptance or rejection of the plan." *Ruti-Sweetwater,* 836 F.2d at 1267.

[4] *See Order Confirming Non-Consensual Subchapter V Plan of Reorganization Under 11 U.S.C. § 1191(b)* (ECF #121).

7